UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESTER YOSSELIN BENITEZ-QUINTANILLA,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-08695-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos 1, 2)

Petitioner, proceeding *pro se*, filed on October 22, 2026, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) The court then set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*) Respondent filed an opposition on October 27, 2026, stating he does not object to the court ruling on petitioner's underlying habeas petition based on the briefing

currently before the court. (Doc. No. 6.) In his response, respondent explains that the decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) compels a finding that petitioner is subject to his current immigration detention 8 U.S.C. § 1226(a). (Doc. No. 6 at 1.) Respondent contends though that petitioner is at most only entitled to a custody re-determination hearing and that he has not exhausted available remedies such that his habeas petition should be denied. (*Id.*)

Petitioner is a citizen of Honduras. (Doc. No. 1 at 9.) Petitioner states he entered the United States in December 2021 at the Texas-Mexico border, was encountered by immigration authorities, and detained for 37 days. (*Id.*) Petitioner further states that he has a pending asylum application that has yet to be ruled upon. (*Id.*) In his pending habeas petition, petitioner claims that his due process rights as well as his rights under the Immigration and Nationality Act ("INA") have been violated by his current immigration detention. (*Id.* at 9–10.) An exhibit to Respondent's opposition indicates that petitioner entered the United States in 2021 as an unaccompanied juvenile. (Doc. No. 6-2 at 5.) That same exhibit submitted by respondent indicates that petitioner encountered a Border Patrol agent and was arrested.[1] (*Id.*) Petitioner was released by immigration officials thereafter. (Doc. No. 1 at 9.)

On or about September 2, 2026, petitioner was re-detained by immigration authorities after a traffic stop (Doc. No. 6-1 at 2), and remains in their custody. (Doc. No. 1 at 6, Doc. No. 6-1 at 2.) In respondent's opposition, he argues that petitioner is not entitled to relief because he has failed to exhaust certain remedies, or in the alternative, that all he is entitled to is a bond hearing. (Doc. No. 6 at 1–2.) For the following reasons, this court finds that petitioner is entitled to his immediate release.

Based on this record, it appears likely that petitioner entered this country as an unaccompanied minor in December 2021, and was then released by the Office of Refugee Resettlement ("ORR") before being re-detained in September 2026. Accordingly, the court incorporates its reasoning in *Ramos Pineda v. Chestnut*, No. 1:26-cv-06242-DAD-SCR (HC),

---

[1] It is not entirely clear whether petitioner was released into the United States through the Office of Refugee Resettlement ("ORR") (which governs the release of unaccompanied juveniles) or whether he was released and is now in custody § 1226(a). However, for the reasons that follow, that distinction makes no difference to the resolution of the pending petition.

2026 WL 2323072, at *1–2 (E.D. Cal. Aug. 11, 2026), that petitioner's prior release as an unaccompanied minor by immigration officials created a liberty interest such that he was thereby detained pursuant to 8 U.S.C. § 1232. In *Ramos Pineda*, the court ordered petitioner's immediate release, rejecting the government's suggestion that the petitioner in that case was only entitled to a custody re-determination hearing. *See id.* at *2. That same relief is warranted here. Further, with respect to respondent's failure to exhaust argument, this court has noted that the pursuit of administrative remedies would be inadequate and futile because a post-deprivation bond hearing before an immigration judge is incapable of addressing the injury suffered as a result of the lack of notice or a pre-deprivation hearing. *See Carrasquel v. Warden,* No. 1:26-cv-06867-DAD-JDP, 2026 WL 2621102, at *1 (E.D. Cal. Sept. 4, 2026) (citing *R.N.G. v. Semaia*, Case No. 5:26-cv-02839-DSR, 2026 WL 2089544, at *3 (C.D. Cal., July 14, 2026)).

Moreover, even if petitioner was not originally released into the United States as an unaccompanied juvenile, his prior encounter with immigration authorities and release would still entitle him to immediate release now. If these are the circumstances, the court would incorporate here its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioner's re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioner's immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner, Lester Yosselin Benitez-Quintanilla A-File No. 220-922-954, from respondent's custody on the conditions, if any, he was subject to prior to his most recent immigration detention on or about September 2, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing

petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Immigration Processing Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE